IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION FILE NO. _____

| | |
|---|---|
| NEIGHBORHOOD NETWORKS PUBLISHING, INC., | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )<br>) |
| N2 DIGITAL MARKETING, INC. | )<br>) |
| Defendant | ) |

**COMPLAINT**

Plaintiff Neighborhood Networks Publishing, Inc. ("Plaintiff N2") hereby complains of Defendant N2 Digital Marketing, Inc. ("Defendant N2 Digital") and alleges as follows:

1. This lawsuit arises from Defendant N2 Digital's infringement of Plaintiff N2's Marks and other related wrongful conduct, including the willful infringement of N2's Marks. Defendant N2 Digital has sought to benefit from the good will and business reputation associated with N2's Marks while causing a likelihood of customer confusion, among other harms, to Plaintiff N2. Accordingly, Plaintiff N2 seeks injunctive relief to prevent further harm from Defendant N2 Digital's infringement and monetary damages to remedy the harm that it already has suffered and will continue to suffer until Defendant N2 Digital's infringement is enjoined.

**THE PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff N2 is a Delaware corporation authorized to do business in North Carolina, with its corporate headquarters and principal place of business located in Wilmington, North Carolina.

3. Defendant N2 Digital, upon information and belief, is a Nebraska corporation with a principal place of business located in Omaha, Nebraska.

4. This action arises under the trademark laws and false designation of origin laws of the United States, including Chapter 22 of the United States Code, the Lanham Act.

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, and 1367, and 15 U.S.C. §§ 1116 and 1121.

6. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Defendant N2 Digital is subject to personal jurisdiction in the State of North Carolina.

8. Defendant N2 Digital, upon information and belief, (a) is doing business in North Carolina and this District, (b) is engaged in continuous and systematic business contact in North Carolina and this District, (c) solicits business in North Carolina and this District, (d) derives substantial revenue from the sales of its products and/or services under the infringing marks within this District and elsewhere in North Carolina, and (e) injured Plaintiff N2 in this District through its infringement of N2's Marks, among other things.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and 1391(c).

10. Plaintiff N2 is located in this District, a substantial part of the events giving rise to Plaintiff N2's claims occurred in North Carolina and this District, and Defendant N2 Digital is subject to personal jurisdiction in North Carolina.

11. Upon information and belief, a substantial part of the events giving rise to the Plaintiff N2's claims occurred in this District including without limitation: (a) Plaintiff N2 developing, maintaining, and administering its trade names, trademarks, and trademark registrations in this District, where Plaintiff N2 is headquartered; (b) Defendant N2 Digital

2

Case 7:19-cv-00156-BO   Document 1   Filed 08/20/19   Page 2 of 20

soliciting the sale of its services and/or goods under the infringing marks in this District; and (c) Defendant N2 Digital causing injury to Plaintiff N2 in this District.

## N2'S BUSINESS AND MARKS

12. Plaintiff N2 is a leading supplier of marketing, advertising, business consulting, and publishing services including the creation of its own publications ("N2's Services and Goods"), which include neighborhood and trade magazines.

13. For more than fifteen years, Plaintiff N2 has been engaged in developing, producing, and marketing Plaintiff N2's Services and Goods, which are marketed and distributed throughout the United States.

14. Plaintiff N2 markets and distributes N2's Services and Goods through a network of more than 800 franchisees located throughout the United States, including in this District.

15. Over the course of its business, Plaintiff N2 has used and come to be widely known as N2, N2 Publishing, N2Digital, and Neighborhood Networks Publishing (collectively, "N2's Trade Names").

16. Plaintiff N2 has continuously used its trade names N2, N2 Publishing, and Neighborhood Networks Publishing since at least 2005, and its trade name N2Digital since at least May 2018.

17. Plaintiff N2 has come to be recognized and associated with N2's Trade Names.

18. Plaintiff N2 has used N2's Trade Names extensively in commerce in association with Plaintiff N2's business in general, and in particular with N2's Services and Goods distributed in association with N2's Trade Names.

19. The trade in general and the purchasing public have come to associate Plaintiff N2 and its activities with N2's Trade Names.

20. Through extensive use and association in business and marketing, N2's Trade Names have come to uniquely and unmistakably point to the identity and/or persona of Plaintiff N2 and the public has come to recognize N2's Trade Names as pointing uniquely and unmistakably to the identity and/or persona of Plaintiff N2.

21. Plaintiff N2 is the owner of U.S. Trademark Registration No. 4,095,430. A true and correct copy of U.S. Trademark Registration No. 4,095,430 is attached as Exhibit A.

22. On December 15, 2010, Plaintiff N2 filed for the N2 PUBLISHING mark, which was registered on February 7, 2012 as U.S. Trademark Registration No. 4,095,430, and amended on August 21, 2018. The mark of the Amended Registration is depicted below:



(*See* Ex. A).

23. The N2 PUBLISHING mark was registered with "publishing" disclaimed, for "Publication of Community specific magazines and newsletters" in International Class 41, and claiming a first use of January 1, 2005 and first use in commerce of January 1, 2005. (*Id.*).

24. Plaintiff N2 has actively used the N2 PUBLISHING mark as a trademark for N2's Services and Goods in interstate commerce since at least as early as January 1, 2005.

25. The N2 PUBLISHING mark, by virtue of extensive continuous and exclusive use, has attained incontestable status under the provisions of 15 U.S.C. §1065.

26. In addition to use of Plaintiff's N2 PUBLISHING mark in design form of Exhibit A, Plaintiff N2 has actively used the word form of the mark N2 PUBLISHING as a trademark for N2's Services and Goods in interstate commerce since at least as early as 2005. As a result of

Plaintiff N2's use and efforts, the trade in general and the purchasing public have come to associate the word form of Plaintiff's N2 PUBLISHING mark with Plaintiff N2 as a trademark at common law for N2's Services and Goods.

27. Plaintiff N2 is the owner of U.S. Trademark Registration No. 5,771,330. A true and correct copy of U.S. Trademark Registration No. 5,771,330 is attached as Exhibit B.

28. On June 29, 2018, Plaintiff N2 filed for the N2DIGITAL mark, and on June 4, 2019, the mark was registered as U.S. Trademark Registration No. 5,771,330. (*See* Ex. B).

29. The N2DIGITAL mark was registered for "Advertising agency services; Advertising analysis; Advertising and marketing consultancy; Advertising and promotional services; Advertising consultation; Advertising planning; Advertising research; Business monitoring and consulting services, namely, tracking web sites and applications of others to provide strategy, insight, marketing, sales, operation, product design, particularly specializing in the use of analytic and statistic models for the understanding and predicting of consumers, businesses, and market trends and actions; Marketing consulting; Marketing research; Marketing services; Providing demand creation and lead generation activities and services; Design of advertising materials; Design of internet advertising; Dissemination of advertising matter; Internet advertising services; Online advertising and promotional services; Pay per click (PPC) advertising management services" in International Class 35, and claiming a first use of at least by May 31, 2018 and first use in commerce of at least by May 31, 2018. (*Id.*).

30. Plaintiff N2 has actively used the N2DIGITAL mark as a trademark for N2's Services and Goods in interstate commerce since at least as early as May 31, 2018.

31. Plaintiff N2 has actively used the mark N2 as a trademark for N2's Services and Goods in interstate commerce since at least as early as 2005. As a result of Plaintiff N2's use and

efforts, the trade in general and the purchasing public have come to associate the mark N2 with Plaintiff N2 as a trademark at common law for N2's Services and Goods.

32. U.S. Trademark Registration No. 4,095,430 (the N2 PUBLISHING mark), U.S. Trademark Registration No. 5,771,330 (the N2DIGITAL mark), and the N2 common law mark and word form of N2 PUBLISHING common law mark, shall collectively be referred to as "<u>N2's Trademarks</u>."

33. Plaintiff N2 owns federal statutory and common law rights to N2's Trademarks.

34. N2's Trademarks are the exclusive property of Plaintiff N2.

35. As the sole owner of N2's Trademarks, Plaintiff N2 has all rights, title, and interest to pursue causes of action for the infringement of N2's Trademarks.

36. N2's Trademarks are valid and subsisting.

37. N2's Trademarks are distinctive, strong marks.

38. N2's Trademarks are not descriptive, suggestive, or misdescriptive of N2's Services and Goods

39. N2's Trade Names and N2's Trademarks shall collectively be referred to as "<u>N2's Marks</u>."

40. Over the years, Plaintiff N2 and N2's Services and Goods have developed a reputation for high quality in the areas of marketing, advertising, consulting, and publishing, and this reputation is associated with N2's Marks.

41. Plaintiff N2 has expended substantial time and resources to develop, promote, and market N2's Services and Goods and Plaintiff N2's business in association with N2's Marks.

42. Through Plaintiff N2's efforts, both the trade in general and the purchasing public have come to associate N2's Services and Goods with N2's Marks.

43. Plaintiff N2 has used N2's Marks in the marketing, sale, and distribution of N2's Services and Goods in forms that include, without limitation, a design logo form and block form, examples of which are shown below:



44. N2's Services and Goods, in connection with N2's Marks, have been used, extensively promoted, and marketed throughout the United States and through various forms of media.

45. Plaintiff N2 has expended substantial amounts of time, money, and effort in promoting and popularizing N2's Marks, whereby Plaintiff N2 has acquired substantial goodwill in N2's Trademarks and Trade Names so that the trade and the general and purchasing public have come to know and recognize Plaintiff N2's branded services and goods under N2's Marks and know that they originated from Plaintiff N2.

46. As a result of such extensive promotion and use, and the quality of N2's Services and Goods, N2's Marks have become widely and favorably known, valuable assets of Plaintiff N2, and symbols of its goodwill.

47. N2's Services and Goods under N2's Marks are marketed over the Internet, by telephone, through in-person sales, and otherwise through Plaintiff N2's franchisees throughout the United States.

48. As a result of widespread public use and recognition, N2's Marks have become assets of significant value and goodwill, and a successful indicator of the source of N2's Services and Goods.

49. As a result of many years of longstanding and widespread use and marketing, and as a result of widespread public recognition, Plaintiff N2 has extensive common law rights in N2's Marks.

**DEFENDANT N2 DIGITAL'S INFRINGEMENT OF N2'S MARKS**

50. Upon information and belief, Defendant N2 Digital provides marketing services, including services regarding electronic-based marketing such as the evaluation, development, and design of websites, social media, emails, and other associated services and goods ("Defendant's Services and Goods").

51. Attached as Exhibit C are true and correct screen captures from Defendant N2 Digital's website, marketing its services and goods under the infringing marks N2, N2 DIGITAL, and N2 DIGITAL MARKETING (the "Infringing N2 Marks").

52. Included among the Infringing N2 Marks is the mark N2 in stylized or design logo form, used alone and as part of the composite mark N2 DIGITAL MARKETING:



8



(Ex. C.)

53. Defendant N2 Digital uses N2 and N2 DIGITAL MARKETING as trade names under which it conducts business and refers to itself in marketing efforts.

54. As Defendant N2 Digital represents in its online marketing, Defendant's Services and Goods are sold under the Infringing N2 Marks and trade names throughout the United States:

## Our Services

We customize our solutions to fit the needs of your business. We get results using proven systems that have worked for all types of businesses, all over the country.

(Ex. C).

55. Upon information and belief, Defendant N2 Digital markets Defendant's Services and Goods under the Infringing N2 Marks via the internet and otherwise throughout the United States, including in this District and elsewhere in North Carolina.

56. Upon information and belief, Defendant N2 Digital's marketing of Defendant's Services and Goods under the Infringing N2 Marks and trade names is received and viewed by residents of this District and elsewhere in North Carolina, which results in a likelihood of confusion and an improper association between Defendant N2 Digital, Plaintiff N2, and N2's Services and Goods, causing injury and damage to Plaintiff N2, which injury is felt here in this District where Plaintiff N2 is headquartered.

57. Defendant N2 Digital's use of the Infringing N2 Marks and trade names is confusingly similar with Plaintiff N2's use of N2's Marks on N2's Services and Goods, including specifically, and without limitation, N2's Trademarks—N2 PUBLISHING and N2DIGITAL.

58. Upon information and belief, Defendant N2 Digital has actual knowledge of Plaintiff N2's rights in N2's Marks.

59. Plaintiff N2 notified Defendant N2 Digital of Plaintiff N2's rights in N2's Marks, and of Defendant N2 Digital's infringement and violation of Plaintiff N2's rights in N2's Marks.

60. Plaintiff N2 provided notice to Defendant N2 Digital in correspondence to the attention of Defendant N2 Digital's principals' Adam Traylor and Nate Garcia dated September 13, 2018, and again in correspondence dated May 10, 2019.

61. Defendant N2 Digital has refused to cease its continued unauthorized use of N2's Marks, and infringement and violation of Plaintiff N2's rights.

62. Upon information and belief, Defendant N2 Digital is still actively engaged in and involved with the continued willful infringement of N2's Marks and other unlawful acts complained of herein.

63. Defendant's Services and Goods under the Infringing N2 Marks compete and overlap with N2's Services and Goods sold under N2's Marks.

64. Defendant's Services and Goods under the Infringing N2 Marks are closely related and complimentary to N2's Services and Goods sold under N2's Marks such that, upon information and belief, consumers and potential consumers would believe that the services and goods of Defendant N2 Digital originate from or are authorized by, sponsored by, or affiliated with Plaintiff N2.

65. The consumers and potential consumers of N2's Services and Goods sold under N2's Marks are substantially the same, if not identical to the consumers and potential consumers of Defendant's Services and Goods under the Infringing N2 Marks.

66. Upon information and belief, Defendant's Services and Goods sold under the Infringing N2 Marks are in the same and overlapping channels of trade as N2's Services and Goods sold under N2's Marks.

67. Defendant N2 Digital's infringing activities are likely to cause confusion, mistake, and deception among the consuming public as to the origin of Defendant's Services and Goods.

68. Defendant N2 Digital's use of the Infringing N2 Marks in connection with the sale of Defendant's Services and Goods in Plaintiff N2's channels of trade creates a false designation of origin, which is likely to cause confusion as to the affiliation, sponsorship, or approval of Defendant N2 Digital by Plaintiff N2.

69. Defendant N2 Digital's sale of Defendant's Services and Goods in association with the Infringing N2 Marks will cause Plaintiff N2 injury because such use is likely to cause confusion and/or mistake by wrongly leading persons to believe that Defendant's Services and Goods are provided by, sponsored by, endorsed by, or otherwise associated with Plaintiff N2.

70. In addition to causing confusion in the minds of consumers, Defendant N2 Digital's continued use of the Infringing N2 Marks is likely to cause mistake, deceive, or otherwise injure, diminish, or detract from the prior rights firmly established by Plaintiff N2 in and to N2's Trademarks and Trade Names.

71. The value of Plaintiff N2's good will associated with N2's Marks has been and will be impaired by Defendant N2 Digital's continued use of similar and identical marks on competitive goods, over which Plaintiff N2 has no quality control.

11

Case 7:19-cv-00156-BO    Document 1    Filed 08/20/19    Page 11 of 20

72. By reason of the foregoing, Plaintiff N2 has been and will continue to be damaged by Defendant N2 Digital's use of the Infringing N2 Marks.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT - REGISTRATION NO. 4,095,430

73. Plaintiff N2 incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

74. Defendant N2 Digital's unauthorized use of Plaintiff N2's N2 PUBLISHING mark, Registration No. 4,095,430, on and in association with Defendant's Services and Goods, is likely to cause confusion, mistake, or deception, and thus infringes Plaintiff N2's trademark rights in its federally registered mark under 15 U.S.C. §1114.

75. Defendant N2 Digital's unauthorized use of Plaintiff N2's N2 PUBLISHING mark, likewise induces infringement by others knowingly and/or with reckless disregard amounting to knowledge.

76. Upon information and belief, with actual knowledge of the Plaintiff N2's ownership of the N2 PUBLISHING mark, Defendant N2 Digital's actions have been and are now being carried out in willful disregard of Plaintiff N2's rights, in violation of 15 U.S.C. §1114.

77. Plaintiff N2 has been damaged by Defendant N2 Digital's acts of infringement.

78. Plaintiff N2 has suffered and will continue to suffer injury as the result of Defendant N2 Digital's acts of infringement, which are irreparable in nature, and Plaintiff N2 is without an adequate remedy at law.

79. Further irreparable harm to Plaintiff N2 is imminent as a result of Defendant N2 Digital's conduct, and Plaintiff N2 is without an adequate remedy at law.

80. Plaintiff N2 is entitled to an injunction restraining Defendant N2 Digital, its officers, directors, agents, employees, representatives, and all persons acting in concert with them,

from engaging in further such acts in violation of the trademark laws, including without limitation violation of 15 U.S.C. §1114. Plaintiff N2 is further entitled to recover from Defendant N2 Digital the damages sustained by Plaintiff N2 as a result of Defendant N2 Digital's acts.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT - REGISTRATION NO. 5,771,330

81. Plaintiff N2 incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

82. Defendant N2 Digital's unauthorized use of Plaintiff N2's N2DIGITAL mark, Registration No. 5,771,330, on and in association with Defendant's Services and Goods is likely to cause confusion, mistake, or deception, and thus infringes Plaintiff N2's trademark rights in its federally registered mark under 15 U.S.C. §1114.

83. Defendant N2 Digital's unauthorized use of Plaintiff N2's N2DIGITAL mark likewise induces the infringement by others knowingly and/or with reckless disregard amounting to knowledge.

84. Upon information and belief, with actual knowledge of the Plaintiff N2's ownership of the N2DIGITAL mark, Defendant N2 Digital's actions have been and are now being carried out in willful disregard of Plaintiff N2's rights, in violation of 15 U.S.C. §1114.

85. Plaintiff N2 has been damaged by Defendant N2 Digital's acts of infringement.

86. Plaintiff N2 has suffered and will continue to suffer injury as the result of Defendant N2 Digital's acts of infringement, which are irreparable in nature, and Plaintiff N2 is without an adequate remedy at law.

87. Further irreparable harm to Plaintiff N2 is imminent as a result of Defendant N2 Digital's conduct, and Plaintiff N2 is without an adequate remedy at law.

88. Plaintiff N2 is entitled to an injunction restraining Defendant N2 Digital, its officers, directors, agents, employees, representatives, and all persons acting in concert with them, from engaging in further such acts in violation of the trademark laws, including without limitation violation of 15 U.S.C. §1114. Plaintiff N2 is further entitled to recover from Defendant N2 Digital the damages sustained by Plaintiff N2 as a result of Defendant N2 Digital's acts.

## COUNT III
## FEDERAL UNFAIR COMPETITION – VIOLATION OF 15 U.S.C. §1125(a)

89. Plaintiff N2 incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

90. Upon information and belief, Defendant N2 Digital's unauthorized use of N2's Marks on and in association with Defendant's Services and Goods, was and is being conducted with full knowledge of Plaintiff N2's rights in N2's Marks.

91. Defendant N2 Digital's unauthorized use in commerce of N2's Marks on and in association with competitive and closely related services and goods is likely to cause the public to mistakenly believe that Defendant N2 Digital's services and goods originate from, are sponsored by, or are in some way authorized by Plaintiff N2.

92. This misconduct by Defendant N2 Digital constitutes false designations of origin or false descriptions or representations, and is likely to cause the N2's Marks to lose their significance as an indicator of origin for Plaintiff N2.

93. Defendant N2 Digital's actions are in violation of 15 U.S.C. §1125(a) and have damaged Plaintiff N2.

94. Defendant N2 Digital's activities have willfully infringed and are infringing Plaintiff N2's rights in violation of 15 U.S.C. §1125(a).

# COUNT IV
# COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

95. Plaintiff N2 incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

96. Plaintiff N2 has continuously used N2's Marks in connection with N2's Services and Goods, since at least as early as January 1, 2005 and, accordingly, has established common law trademark rights in N2's Marks.

97. Plaintiff N2 has substantial exclusive trademark rights in N2's Trademarks, including under the common law of North Carolina and elsewhere.

98. Plaintiff N2 has established substantial goodwill in its business, services, and products sold under and associated with N2's Trademarks.

99. N2's Trademarks are protectable trademarks under the common law.

100. N2's Trademarks are substantial business assets of Plaintiff N2.

101. Plaintiff N2 has substantial exclusive trade name rights in N2's Trade Names, including under the common law of North Carolina and elsewhere.

102. Plaintiff N2 has established substantial goodwill in its business, services, and products sold under and associated with N2's Trade Names.

103. N2's Trade Names represent protectable trade names under the common law and substantial business assets of Plaintiff N2.

104. Defendant N2 Digital's actions, including without limitation Defendant N2 Digital's marketing and sale of Defendant's Services and Goods bearing and in association with Plaintiff N2's Trademarks and Trade Names—"N2's Marks"—constitute unfair competition at common law, including unfair competition under the common law of North Carolina and elsewhere.

105. Defendant N2 Digital's actions constitute trademark infringement and trade name infringement at common law, including infringement under the common law of North Carolina and elsewhere.

106. Upon information and belief, Defendant N2 Digital's actions in infringing Plaintiff N2's common law trademark and trade name rights have been undertaken with knowledge of Plaintiff N2's rights and with intention of misappropriating the goodwill associated with Plaintiff N2's trademark and trade name rights.

107. Upon information and belief, Defendant N2 Digital's acts of unfair competition, trademark, and trade name infringement have been willful.

108. Plaintiff N2 has been damaged by Defendant N2 Digital's acts of infringement and unfair competition.

109. Plaintiff N2 has suffered injuries as the result of Defendant N2 Digital's acts of infringement and unfair competition that are irreparable in nature, and Plaintiff N2 is without an adequate remedy at law.

## COUNT V
## NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT – VIOLATION OF N.C. GEN. STAT 75-1 *et seq.*

110. Plaintiff N2 incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

111. Defendant N2 Digital's infringement of N2's Marks and other misconduct described herein are in or affecting commerce and constitute unfair and deceptive trade practices under North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1 *et seq*.

112. Defendant N2 Digital's unfair and deceptive conduct includes without limitation its:

(A) sale of Defendant's Services and Goods under N2's Marks with knowledge that it is infringing and violating Plaintiff N2's rights;

(B) deception of North Carolina consumers and others who are misled to believe that Defendant N2 Digital's products originate from Plaintiff N2 and are of the same quality;

(C) misappropriation of Plaintiff N2's good will and reputation through the unlawful and misleading use of N2's Marks; and

(D) creation of a false association with Plaintiff N2, N2's Services and Goods, and N2's Marks for Defendant N2 Digital's financial benefit and gain.

113. This unlawful conduct by Defendant N2 Digital has proximately caused and will continue to cause irreparable injury to Plaintiff N2, for which Plaintiff N2 has no adequate remedy at law.

114. Plaintiff N2 is entitled to recover its damages for Defendant N2 Digital's unfair and deceptive conduct, including the trebling of its damages as permitted under N.C. Gen. Stat. § 75-16, and the recovery of its attorneys' fees as permitted under N.C. Gen. Stat. § 75-16.1.

WHEREFORE, Plaintiff N2 respectfully prays that this Court enter judgment in its favor against Defendant N2 Digital as follows:

1. That Plaintiff N2 is the owner of the entire right, title, and interest in and to N2's Marks, in stylized or design logo form and in word form;

2. That Plaintiff N2 is the owner of the entire right, title, and interest in and to the N2 PUBLISHING trademark and trade name, in stylized or design logo form and in written form;

3. That Plaintiff N2 is the owner of the entire right, title, and interest in and to the N2DIGITAL trademark and trade name;

4. That Plaintiff N2 is the owner of the entire right, title, and interest in and to the N2 trademark and trade name;

5. That Plaintiff N2's rights in N2's Marks are valid, enforceable, and have been infringed by Defendant N2 Digital, and that Defendant N2 Digital has violated relevant federal laws and regulations;

6. That Defendant N2 Digital has violated 15 U.S.C. § 1125(a);

7. That Defendant N2 Digital has infringed Plaintiff N2's common law trademark rights;

8. That Defendant N2 Digital has infringed Plaintiff N2's common law trade name rights;

9. That Defendant N2 Digital has competed unfairly with Plaintiff N2;

10. That Defendant N2 Digital violated North Carolina's Unfair and Deceptive Trade Practices Act;

11. That Defendant N2 Digital, its agents, servants, officers, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

   (A) Using N2's Marks, and all other designations, designs, and indicia which are likely to cause confusion, mistake, or deception with respect to Plaintiff N2's rights; and

   (B) Violating any proprietary rights of Plaintiff N2;

12. That Defendant N2 Digital willfully infringes Plaintiff N2's Marks;

13. That Defendant N2 Digital be required to pay to Plaintiff N2 such damages, together with pre- and post-judgment interest thereon, as Plaintiff N2 has sustained as a

consequence of Defendant N2 Digital's wrongful acts and to account for and return to Plaintiff N2 any money, profits, and advantages wrongfully gained by Defendant N2 Digital;

14. That Plaintiff N2 be awarded its costs and attorneys' fees, as permitted by law, including under N.C. Gen. Stat. § 75-16.1;

15. That all damages sustained by Plaintiff N2 be increased, and increased up to three times, as the result of the willful nature of Defendant N2 Digital's violations and as permitted by N.C. Gen. Stat. § 75-16;

16. That the Court deliver up for impounding and destruction all products, fixtures, writings, signage, artwork, copies, and other materials which infringe Plaintiff N2's rights, falsely designate source or origin, or otherwise facilitate Defendant N2 Digital's unfair competition with Plaintiff N2;

17. That Defendant N2 Digital be directed to file with the Court and serve on Plaintiff N2, within thirty (30) days after the service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendant N2 Digital has complied with this injunction; and

18. That Plaintiff N2 be granted such further relief as the Court deems just and proper.

This the 20th day of August, 2019.

> */s/ Alexander C. Dale*
> Alexander C. Dale
> N.C. State Bar I.D. No.: 28191
> email: acd@wardandsmith.com
> Marla S. Bowman
> N.C. State Bar I.D. No.: 49097
> email: msbowman@wardandsmith.com
> For the firm of
> Ward and Smith, P.A.
> Post Office Box 7068
> Wilmington, NC 28406-7068

Telephone: 252.794.4800
Facsimile: 252.794.4877
*Local Civil Rule 83.1(d) Counsel*

Terence J. Linn
Michigan State Bar I.D. No.: P33449
email: Linn@gardner-linn.com
For the Firm of
Gardner Linn Burkhart & Ondersma LLP
2900 Charlevoix Dr., S.E., Suite 300
Grand Rapids, MI 49546
Telephone: 616.975.5500
Facsimile: 616.975.5505
*Notice of Special Appearance and CM/ECF Registration Pending*

*Attorneys for Plaintiff Neighborhood Networks Publishing, Inc.*

ND: 4815-1717-0081, v. 1