IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION FILE NO. 7:19-CV-156-BO

| | | |
|---|---|---|
| NEIGHBORHOOD NETWORKS PUBLISHING, INC., Plaintiff<br><br>v.<br><br>N2 DIGITAL MARKETING, INC., Defendant | ) | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT |

Plaintiff Neighborhood Networks Publishing, Inc. ("Plaintiff N2"), by and through its undersigned counsel, hereby submits this Memorandum of Law in Support of its Motion for Default Judgment against Defendant N2 Digital Marketing, Inc. ("Defendant").

## INTRODUCTION

Plaintiff N2 has filed any action for trademark infringement and unfair competition, among other things, against Defendant. Defendant failed to plead or otherwise respond to Plaintiff N2's Complaint, and this Court entered a default. Plaintiff N2 now seeks a default judgment enjoining Defendant from further infringing N2's Marks and engaging in unfair competition.

## PROCEDURAL HISTORY

On August 20, 2019, Plaintiff N2 filed its Complaint against Defendant alleging claims for federal trademark infringement under 15 U.S.C. § 1114, federal unfair competition under 15 U.S.C. § 1125, common law trademark infringement and unfair competition, and violation of North Carolina's Unfair and

Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75.1 *et seq*. (D.E. #1). On September 24, 2019, after Defendant failed to plead or otherwise respond to Plaintiff N2's Complaint, the Court entered an Order directing Plaintiff N2 to move for entry of default under Rule 55(a) of the Federal Rules of Civil Procedure. (D.E. #10).

On October 1, 2019, Plaintiff N2 filed its Motion for Entry of Default, (D.E. #11), along with the accompanying Affidavit of Alexander C. Dale declaring that Defendant was served with Plaintiff N2's Complaint and other pleadings, and that Defendant has failed to respond, (D.E. #11-1). The Affidavit further affirmed that Defendant is not an infant, an incompetent person, or in the military service of the United States. (D.E. #11-1). On October 24, 2019, the Court entered an Order of default against Defendant. (D.E. # 12). Plaintiff N2 now seeks entry of a default judgment against Defendant.

## STATEMENT OF FACTS[1]

### I. Plaintiff N2's Business and Marks

Plaintiff N2's headquarters and principal place of business are in Wilmington, North Carolina. (D.E. #1 ¶ 1). Plaintiff N2 is a leading supplier of marketing, advertising, business consulting, and publishing services, including the creation of its own publications ("N2's Services and Goods"). (*Id.* ¶ 12). Some of N2's publications include neighborhood and trade magazines. (*Id.*). Plaintiff N2

[1] The following facts are alleged in Plaintiff N2's Complaint and should be accepted as true because a default has been entered against Defendant. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

markets and distributes N2's Services and Goods through a network of more than 800 franchises located throughout the United States. (*Id.* ¶ 14).

Plaintiff N2 uses the trade names N2, N2 Publishing, N2Digital, and Neighborhood Networks Publishing (collectively, "N2's Trade Names"), and has become widely known by, recognized as, and associated with these names. (*Id.* ¶¶ 15, 17). Plaintiff N2 has continuously used the trade names N2, N2 Publishing, and Neighborhood Networks Publishing since at least 2005, and the trade name N2Digital since at least May 2018. (*Id.* ¶ 16). Plaintiff N2 uses N2's Trades Names extensively in commerce, including in association with N2's Services and Goods, and the general and purchasing public have come to associate Plaintiff N2 with N2's Trade Names. (*Id.* ¶¶ 18–19).

Plaintiff N2 is the owner of two trademark registrations. On December 15, 2010, Plaintiff N2 filed for the N2 PUBLISHING mark, which was registered on February 7, 2012 as U.S. Trademark Registration No. 4,095,430, and amended on August 21, 2018. (*Id.* ¶¶ 21–22; *see also id.* Ex. A – U.S. Trademark Registration No. 4,095,430). On June 29, 2018, Plaintiff N2 filed for the N2DIGITAL mark, and, on June 4, 2019, the mark was registered as U.S. Trademark Registration No. 5,771,330. (*Id.* ¶¶ 27–28; *see also id.* Ex. B – U.S. Trademark Registration No. 5,771,330).

Plaintiff N2 also has common law trademark rights in the word form of the N2 PUBLISHING mark and the N2 mark. Plaintiff N2 has actively used the word form of the N2 Publishing mark as a common law trademark for N2's Services

and Goods in interstate commerce since at least as early as 2005. (*Id.* ¶ 26). Plaintiff N2 has actively used the N2 mark as a common law trademark for N2's Services and Goods in interstate commerce since at least as early as 2005. (*Id.* ¶ 31). As a result, the general and purchasing public have come to associate the word form of the N2 PUBLISHING mark and the N2 mark with Plaintiff N2 as a trademark at common law for N2's Services and Goods. (*Id.* ¶¶ 26, 31).

U.S. Trademark Registration No. 4,095,430 (the N2 PUBLISHING mark), U.S. Trademark Registration No. 5,771,330 (the N2DIGITAL mark), the word form of the N2 PUBLISHING common law mark, and the N2 common law mark shall collectively be referred to as "N2's Trademarks." N2's Trade Names and N2's Trademarks shall collectively be referred to as "N2's Marks."

## II. Defendant's Business and Infringement of N2's Marks

Defendant is a Nebraska corporation with its principal place of business in Omaha, Nebraska. (D.E. #1 ¶ 3). Like Plaintiff N2, Defendant is in the business of providing marketing services. (*Id.* ¶¶ 12, 50). Defendant's marketing services include electronic-based marketing such as the evaluation, development, and design of websites, social media, emails, and similar services and goods ("Defendant's Services and Goods"). (*Id.* ¶ 50). Defendant sells and markets Defendant's Services and Goods in North Carolina, and, specifically, within this District. (*Id.* ¶ 8). Defendant is engaged in continuous and systematic business contacts with the State of North Carolina upon which it generates substantial revenue. (*Id.*).

As part of engaging in business in North Carolina, and elsewhere throughout the country, Defendant uses the infringing marks N2, N2 DIGITAL, and N2 DIGITAL MARKETING (the "Infringing N2 Marks"). (*Id.* ¶¶ 51, 55–56). Defendant's use of the Infringing N2 Marks creates a likelihood of confusion among consumers between Plaintiff N2 and Defendant and creates an improper association between the parties. (*Id.* ¶ 56). This confusion is likely to occur because Defendant's Services and Goods sold and marketed under the Infringing N2 Marks are closely related and complimentary to Plaintiff N2's Services and Goods sold under N2's Marks. (*Id.* ¶ 64). As a result, consumers and potential consumers are led to believe that the services and goods of Defendant originate from or are authorized by, sponsored by, or affiliated with Plaintiff N2 when they are not. (*See id.*).

Defendant's use of the Infringing N2 Marks, in fact, causes deception and mistake among consumers and diminishes or detracts from Plaintiff N2's firmly established rights in N2's Marks. (*Id.* ¶ 70). In addition, Defendant's use of the Infringing N2 Marks impermissibly allows Defendant to benefit from the goodwill and reputation associated with Plaintiff N2 and N2's Services and Goods sold under N2's Marks. (*Id.* ¶ 71). Accordingly, Defendant has infringed Plaintiff N2's Marks and engaged in unfair competition.

## STANDARD OF REVIEW

### I. Declaratory Judgment

Rule 55(a) of the Federal Rules of Civil Procedure provides that the clerk must enter a default when a party "has failed to plead or otherwise defend" against the allegations in a complaint. Once a default has been entered, "the factual allegations in Plaintiffs' Complaint are deemed admitted." *BMG Music v. Lucas*, No. 7:05-CV-171-BO(3), 2006 WL 8439077, at *1 (E.D.N.C. May 1, 2006) (citing *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6). Rule 55(b)(2) allows the Court to enter a default judgment if the facts pled support the remedy sought by the plaintiff as a matter of law. *Mon Cheri Bridals, LLC v. Partnerships*, No. 3:15-CV-00021-FDW-DC, 2015 WL 3509259, at *2 (W.D.N.C. June 4, 2015).

### II. Federal Trademark Infringement and Unfair Competition

"The elements for trademark infringement under 15 U.S.C. § 1114 and unfair competition and false advertising under 15 U.S.C. § 1125 are the same." *Grout Doctor Glob. Franchise Corp. v. Groutman, Inc.*, No. 7:14-CV-105-BO, 2015 WL 2353698, at *3 (E.D.N.C. May 15, 2015) (citing *Microsoft Corp. v. Computer Serv. & Repair, Inc.,* 312 F.Supp.2d 779, 784 (E.D.N.C.2004)); *see also Mon Cheri Bridals*, 2015 WL 3509259, at *4 ("In the Fourth Circuit, trademark infringement claims and false designation of origin claims have the same elements.").

To support either claim, a plaintiff must show "that it owns a valid trademark and that the defendant used the mark without authorization in

commerce and in a manner likely to create consumer confusion." *Grout Doctor*, 2015 WL 2353698, at *3; *see also Dental Care Leasing, LLC v. Miller*, No. 7:19-CV-46-BO, 2019 WL 3822511, at *5 (E.D.N.C. Aug. 14, 2019) ("To state a claim for trademark infringement under the Lanham Act, a plaintiff must allege that he owns a valid, legally protectable mark and that the defendant has made unauthorized use of the mark in a way that is likely to cause consumer confusion."); *Mon Cheri Bridals*, 2015 WL 3509259, at *4 ("To prevail on its second cause of action, violation of 15 U.S.C. § 1125(a), Plaintiff must show (1) that it possesses a mark; (2) that the [opposing party] used the mark; (3) that the [opposing party's] use of the mark occurred in commerce; (4) that the [opposing party] use the mark in connection with the sale, offering for sale, distribution, or advertising of goods or services; and (5) that the [opposing party] used the mark in a manner likely to confuse consumers. (internal quotations marks and citation omitted)).

## III. Permanent Injunction

To obtain a permanent injunction, a party must demonstrate that "(1) it has suffered an irreparable injury; (2) remedies available at law are inadequate; (3) the balance of the hardships favors the party seeking the injunction; and (4) the public interest would not be disserved by the injunction." *PBM Prod., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 126 (4th Cir. 2011) (quoting *eBay, Inc. v. MercExchange,* 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)).

Specifically, 15 U.S.C. § 1116(a) vests the court with jurisdiction "to grant injunctions . . . to prevent the violation of any right of the registrant of a mark

registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title." Section 1116 further provides that "such injunction may include a provision directing the defendant to file with the court and serve on the plaintiff within thirty days after the service on the defendant of such injunction . . . a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction." Plaintiff N2 seeks this type of injunctive relief here.

## **ARGUMENT**

The Court should grant Plaintiff N2's Motion for Default Judgment and enjoin Defendant from further infringing N2's Marks and engaging in unfair competition. Here, the Court has already entered a default; the facts alleged, which are accepted as true, establish Defendant's violations of 15 U.S.C. § 1114 (trademark infringement) and § 1125 (unfair competition); and Plaintiff N2 is entitled to an injunction enjoining this misconduct pursuant to § 1116.

Specifically, Plaintiff N2 has establish that it owns N2's Marks and has used many of them in interstate commerce since at least 2005. *Supra* at 3–4. Plaintiff N2 also has established that Defendant's use of the Infringing N2 Marks causes confusion due to the similarity of the marks and their use in the sale and marketing of similar goods and services. *Supra* at 5. Further, Defendant's use of the Infringing N2's Marks deceives consumers and harms the good will associated with Plaintiff N2's Marks and the N2's Services and Goods sold under N2's Marks. *Id.*

Injunctive relief is appropriate here because it is specifically permitted under § 1116. Moreover, Defendant's failure to respond to Plaintiff N2's Complaint and engage in the discovery process precludes Plaintiff N2 from determining its true damages. As such, injunctive relief is the only remedy available to Plaintiff N2 at this time.

The Court has granted injunctive relief in similar cases alleging infringement of intellectual property following the entry of a default. In *BMG Music*, the Court awarded injunctive relief after entering a default in a case in which copyright infringement was alleged. 2006 WL 8439077, at *1, *3. Similarly, in *Grout Doctor*, after entering a default, the Court ordered a permanent injunction enjoining further trademark infringement, among other things. 2015 WL 2353698, at *1, *7; *see* also *Am. Dairy Queen Corp. v. YS & J Enterprises, Inc.*, No. 5:14-CV-151-BR, 2014 WL 4055550, at *4 (E.D.N.C. Aug. 14, 2014) (ordering a permanent injunction following entry of a default in a case alleging trademark infringement and unfair competition and noting that "[g]iven defendants' inaction in this case and history of continued infringement, the court finds that the threat of continued infringement is likely. . . ."). Likewise, in *Mon Cheri Bridals*, the Court ordered a permanent injunction following the entry of a default in a case alleging infringement of various trademarks and other intellectual property. 2015 WL 3509259, at *1, *6.

The same analysis should apply here supporting the entry of a permanent injunction against Defendant. Specifically, Plaintiff N2 requests an

injunction permanently enjoining Defendant, its agents, servants, officers, employees, attorneys, and all persons in active concert or participation with them from:

(1) Using N2's Marks, including all other designations, designs, and indicia which are likely to cause confusion, mistake, or deception with respect to Plaintiff N2's Marks; and

(2) Violating any proprietary rights of Plaintiff N2.

Plaintiff N2 further requests an order directing Defendant to file with the Court and serve on Plaintiff N2, within thirty (30) days after the service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendant has complied with this injunction. *See* 15 U.S.C. § 1116(a). This relief is supported by the facts established in Plaintiff N2's Complaint through the entry of default against Defendant, and this relief can be grants as a matter of law without the need for additional facts.

## **CONCLUSION**

For the foregoing reasons, Plaintiff N2 respectfully requests that the Court grant its Motion for Default Judgment and enjoin Defendant from further infringing N2's Marks and engaging in unfair competition.

Respectfully submitted, this the 17th day of January, 2020.

*/s/Alex C. Dale*
Alexander C. Dale
N.C. State Bar I.D. No.: 28190
email: acd@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 7068
Wilmington, NC 28406-7068
Telephone: 910.794.4800
Facsimile: 910.794.4877
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, I electronically filed MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT N2 DIGITAL MARKETING, INC. with the Clerk of the Court using the CM/ECF system and I hereby Certify that I have mailed the document to the following non-CM/ECF participants:

N2 Digital Marketing, Inc.
c/o Mark A. Kiroff, Registered Agent
5336 South 145th Street
Omaha, NE 68137


*<u>/s/Alex C. Dale</u>*
Alexander C. Dale
N.C. State Bar I.D. No.: 28190
email: acd@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 7068
Wilmington, NC 28406-7068
Telephone: 910.794.4800
Facsimile: 910.794.4877
Attorneys for Plaintiff


ND: 4818-3964-9195, v. 1